# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE LAURENT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1275** |
| **ROBERT TANNER, WARDEN** | **SECTION "N"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Lonnie Laurent, is currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, for a conviction <u>other than the one</u> challenged in this case.[2] In the case under review, Laurent was charged on September 14, 1999, by bill of information in St. Tammany Parish with attempted first degree murder of a police officer.[3]

On February 6, 2001, pursuant to a plea agreement, Laurent entered a guilty plea to an amended charge of aggravated assault upon a police officer with a firearm.[4] The state trial court sentenced him in accordance with the agreement to serve five (5) years in prison, with credit for time served, with the last year of the sentence suspended, and Laurent placed on supervised probation for five years upon completion of the first four years of his prison sentence.[5]

---

[2]Rec. Doc. No. 3. Laurent's current incarceration is based upon his conviction and sentence in 2006 on one count of attempted distribution of cocaine and one count of possession with intent to distribute cocaine. State v. Laurent, 966 So.3d 826, 2007 WL 2782836, at *1 (La. App. 1st Cir. 2007), writ denied, 977 So.2d 898 (La. 2008).

[3]St. Rec. Vol. 1 of 3, Bill of Information, 9/14/99.

[4]St. Rec. Vol. 3 of 3, Plea Minutes, 2/6/01; St. Rec. Vol. 1 of 3, Plea Transcript, 2/6/01; Bill of Information, handwritten amendment, 2/6/01.

[5]St. Rec. Vol. 3 of 3, Plea Minutes, 2/6/01; St. Rec. Vol. 1 of 3, Plea Transcript, 2/6/01.

On February 14, 2001, the State filed a motion in which it informed the court that the St. Tammany Parish Sheriff had erroneously released Laurent to a half-way house and requested that the court recall Laurent to complete his sentence, which the court granted.[6]

The court also held a hearing on February 23, 2001, to consider Laurent's motion to reconsider.[7] At that time, the state trial court re-sentenced Laurent to serve five years in prison at hard labor, with the last two and one-half years suspended and upon his release had Laurent placed on supervised probation for five years. The court also established conditions of his probation.[8] The State objected to the amended sentence, and the court continued the hearing and ordered that Laurent continue serving the original sentence until such time as the motion could be considered further.[9] At a hearing on April 19, 2001, Laurent's counsel withdrew the motion to reconsider.[10]

Affording him the benefit of every provision of state law, Laurent's conviction became final five days later, on April 26, 2001, because he did not file a notice of appeal

---

[6]St. Rec. Vol. 1 of 3, State's Motion to Return, 2/14/01; Trial Court Order, 2/20/01.

[7]St. Rec. Vol. 3 of 3, Minute Entry, 2/23/01. The record does not contain a copy of the motion to reconsider.

[8]Id.

[9]Id.

[10]St. Rec. Vol. 3 of 3, Minute Entry, 4/19/01.

3

after withdrawing the motion to reconsider.[11] Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment imposing probation becomes final at the conclusion of direct review or the expiration of the time for seeking such review); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

Despite the foregoing proceedings, Laurent was apparently released on probation on or before August 13, 2001, based upon the February 23, 2001 sentence, and he signed the notice of the conditions of his probation provided by the probation officer.[12] On March 25, 2003, the probation officer notified the state trial court that Laurent was in violation of the conditions of his probation and his whereabouts were unknown.[13]

---

[11]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[12]St. Rec. Vol. 1 of 3, Conditions of Probation, dated 8/13/01 (file stamped 9/10/01); Letter from Probation and Parole Agent, 3/25/03 (indicating Laurent's sentence to have been imposed on February 23, 2001); Motion for Hearing to Revoke, dated 6/18/03 (same).

[13]St. Rec. Vol. 1 of 3, Letter from Probation and Parole Agent, 3/25/03.

4

While still on probation, Laurent was arrested on June 12, 2003 for reasons not apparent in this record.[14] Laurent's probation was revoked on July 10, 2003, based upon numerous probation violations, and the state trial court ordered that he serve one year in prison, with credit for time served, which term had originally been suspended in the sentence imposed on February 6, 2001.[15] The court resentenced Laurent on the revocation on September 23, 2003, ordering that the original sentence imposed on February 6, 2001, be applied.[16]

After Laurent was released from prison by May 5, 2004, upon completion of the one year revocation sentence, he was arrested on June 4, 2004, and eventually charged and convicted on the drug charges for which he is now incarcerated.[17] The 2001 conviction that Laurent challenges in this case was used in a multiple offender bill to enhance the sentence Laurent received in that later proceeding.[18]

Almost three years later, on June 7, 2010, Laurent submitted to the state trial court a motion to correct the sentence imposed in 2001, in which he argued that his sentence

---

[14]See St. Rec. Vol. 1 of 3, Motion for Hearing to Revoke, dated 6/18/03.

[15]St. Rec. Vol. 3 of 3, Revocation Hearing Minutes, 7/10/03.

[16]St. Rec. Vol. 3 of 3, Resentencing Minutes, 9/19/03.

[17]State v. Laurent, 2007 WL 2782836, at *1, *5.

[18]Id.; Rec. Doc. No. 3, p. 17; Rec. Doc. No. 7, p.2.

was excessive and illegal because it exceeded the maximum term of imprisonment and probation allowed by law.[19] The court denied the motion without stated reasons on June 28, 2010.[20]

Laurent submitted a writ application to the Louisiana First Circuit on July 26, 2010, seeking review of the state trial court's order.[21] The court denied the application without stated reasons on November 12, 2010.[22] He did not seek further review of this order. Instead, on November 29, 2010, Laurent submitted another motion to the state trial court to correct his sentence, raising the same arguments as in his prior motion.[23] That same day, Laurent also submitted an application for post-conviction relief in which he argued that his conviction was based on a guilty plea that was unlawfully induced because the sentence offered was illegal.[24] He later filed a supplemental memorandum

---

[19]St. Rec. Vol. 1 of 3, Motion to Vitiate an Illegal Sentence, 6/8/10 (dated 6/7/10).

[20]St. Rec. Vol. 1 of 3, Trial Court Order, 6/28/10.

[21]St. Rec. Vol. 2 of 3, 1st Cir. Writ Application, 2010-KW-1372, 7/27/10.

[22]St. Rec. Vol. 1 of 3, 1st Cir. Order, 2010-KW-1372, 11/12/10.

[23]St. Rec. Vol. 1 of 3, Motion to Correct Illegal Sentence, 12/1/10 (dated 11/29/10).

[24]St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 12/1/10 (dated 11/29/10).

in which he argued that he received ineffective assistance of counsel during the guilty plea because his counsel allowed Laurent to accept an unlawful sentence.[25]

On April 11, 2011, the state trial court denied relief, finding that Laurent's original post-conviction application failed to state a claim under La. Code Crim. P. arts. 929 and 930.4.[26] The court held that the motion to correct an illegal sentence was repetitive under La. Code Crim. P. art. 930.4. The court also found that Laurent failed to sustain his burden of proof under Strickland v. Washington, 466 U.S. 668 (1984), on the ineffective assistance of counsel claim.

Laurent sought review of this order in the Louisiana First Circuit on April 24, 2011.[27] The court denied relief on July 18, 2011, finding that Laurent's motion to correct was not subject to the review restrictions under La. Code Crim. P. art. 930.4, but that his sentence was not illegal. The court also held that Laurent's ineffective assistance of counsel claim was untimely under La. Code Crim. P. art. 930.8(A).

---

[25]St. Rec. Vol. 1 of 3, Motion to Supplement Memorandum, 12/13/10; Trial Court Order, 1/20/11.

[26]St. Rec. Vol. 1 of 3, Trial Court Order, 4/11/11. Laurent filed an application for a writ of mandamus to compel the trial court to rule on his motion to correct an illegal sentence. St. Rec. Vol. 2 of 3, 1st Cir. Writ Application, 2011-KW-0218, 2/4/11 (dated 2/3/11). The court denied the application on April 13, 2011, noting that the trial court had ruled. St. Rec. Vol. 1 of 3, 1st Cir. Order, 2011-KW-0218, 4/13/11.

[27]St. Rec. Vol. 2 of 3, 1st Cir. Writ Application, 2011-KW-0759, 4/25/11 (dated 4/24/11).

Laurent sought further review in his writ application submitted to the Louisiana Supreme Court on August 15, 2011, in which he raised only his arguments concerning the illegality and excessiveness of his sentence.[28] The court denied relief without stated reasons on April 20, 2012.[29]

## II.  FEDERAL HABEAS PETITION

On May 23, 2012, the clerk of this court filed Laurent's federal habeas corpus petition, in which he alleged the following grounds for relief:[30] (1) The sentence imposed on February 6, 2001 for aggravated assault on a police officer, was illegal and excessive because it exceeded the maximum allowed by Louisiana law. (2) The sentence imposed on February 6, 2001, was illegal and excessive because the probation period added to the prison time exceeded the total length of the five year sentence imposed. (3) The sentence imposed on February 6, 2001 was illegal because the state court judge failed to advise him that he was pleading guilty to a crime of violence. (4) He was denied effective assistance of counsel because his lawyer allowed Laurent to plead to an illegal sentence.

---

[28]St. Rec. Vol. 2 of 3, La. S. Ct. Writ Application, 11-KH-1816, 8/18/11 (postal meter 8/16/11, dated 8/15/11); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2011-KH-1816, 8/18/11 (showing postal meter of 8/16/11).

[29]State ex rel. Laurent v. State, 85 So.3d 1267 (La. 2012); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2011-KH-1816, 4/20/12.

[30]Rec. Doc. 3, pp. 5-10.

(5) The illegal sentence has now been used as a predicate offense to enhance his current sentence in a separate matter.

The State filed an answer and memorandum in opposition to Laurent's petition alleging that the petition fails to state a cognizable federal issue because Laurent is no longer incarcerated for the challenged 2001 conviction and sentence, which he has already fully served.[31] In addition, the State argues that his petition is otherwise untimely and that not all of his claims are exhausted.

## III. GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[32] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Laurent's petition, which, for reasons discussed below, is deemed filed in this federal court on May 11, 2012.[33]

---

[31]Rec. Doc. No. 7.

[32]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[33]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for

9

The threshold questions in federal habeas review under the amended statute are whether the petitioner is <u>in</u> <u>custody</u>, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Laurent's petition is not timely filed and that one of his claims is not exhausted. While review of the record supports both conclusions, I find, as also argued by the State, that this court is without subject matter jurisdiction to consider Laurent's petition, at least insofar as it represents a direct challenge to his 2001 conviction, because he is no longer in custody on that conviction. I also find that Laurent cannot receive federal habeas relief to whatever extent, if any, that he challenges the 2001 conviction as a basis for enhancement of the later sentence on which he is currently incarcerated.

---

delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert.</u> <u>denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Laurent's petition was filed by the clerk of court on May 23, 2012, when pauper status was granted. Laurent dated his signature on the petition on May 11, 2012. This is the earliest date appearing in the record on which he could have submitted it to prison officials for mailing.

## IV. LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a). Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody at the time the petition is filed <u>for</u> <u>the</u> <u>conviction</u> <u>or</u> <u>sentence</u> <u>under</u> <u>attack</u>. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 400-401 (2001).

In Lackawanna, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure <u>to</u> <u>appoint</u> counsel. No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the claims asserted in this petition.[34]

---

[34] As explained by the Sixth Circuit in Abdus-Samad v. Bell, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the Lackawanna Court speculated that other exceptions to this rule of federal habeas <u>non</u>-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. Even these circumstances do not exist

11

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" based upon the challenged conviction and must have exhausted his available state court remedies. Carty, 583 F.3d at 253; Dickerson, 816 F.2d at 224. Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. Carafas, 391 U.S. at 238; Port, 764 F.2d at 425.

As the United States Supreme Court held in Lackawanna, when a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that old conviction. That is exactly what Laurent has attempted to do here. Laurent's petition is deemed filed in this court under the "mailbox rule" on May 11, 2012. Although he was incarcerated on the filing date, I find that he was not in custody at that time for the conviction he is now challenging.

When Laurent's probation as to the 2001 guilty plea, which he now challenges, was revoked July 10, 2003, he was ordered to serve the previously imposed but

in Laurent's case.

12

suspended one year of the five-year prison sentence, with credit for time served. According to the records provided and Laurent's own pleadings, he completed the revocation sentence and was released before the end of May 2004, when he engaged in the drug activity which led to his subsequent conviction.

For these reasons, Laurent is <u>not</u> in custody pursuant to, or for purposes of challenging, the 2001 conviction for aggravated assault on a police officer and that conviction is "regarded as conclusively valid." <u>Lackawanna</u>, 534 U.S. at 403. This court, therefore, lacks subject matter jurisdiction to review his petition, insofar as it <u>directly</u> challenges the 2001 conviction and sentence, and the petition should be dismissed for that reason, without need to address the defenses of untimeliness and lack of exhaustion.

V.  <u>ENHANCEMENT OF HIS CURRENT SENTENCE</u>

Although the thrust of his written submissions is a direct challenge to his 2001 conviction and sentence, Laurent also refers to the fact that his prior conviction was used to enhance his current sentence. Construed broadly, his assertions may indicate that he challenges his old conviction because it was used to enhance the sentence under which he is currently in custody.

As mentioned above, the United States Supreme Court held in <u>Lackawanna</u> that when a habeas petitioner is no longer serving the sentences imposed pursuant to his old

convictions, he cannot bring a federal habeas action directed solely at challenging those convictions. However, where his current Section 2254 petition can be (and has been) construed as asserting a challenge to the sentence he is currently serving, as enhanced by the allegedly invalid old conviction, he satisfies the "in custody" requirement for jurisdictional purposes. 534 U.S. at 401-02.

In Lackawanna, however, the Supreme Court also held that, although jurisdiction to consider such a claim exists, relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. "[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04 (citation omitted)

(emphasis added). As noted above, Laurent does not meet the single exception to this rule which was recognized by the Supreme Court in <u>Lackawanna</u>.[35]

Accordingly, this court may not revisit Laurent's prior conviction based upon his 2001 guilty plea to aggravated assault of a police officer, which is "regarded as conclusively valid." <u>Id.</u> at 403. Federal habeas relief is <u>un</u>available for Laurent's challenge of the use of this old conviction to enhance the sentence he is currently serving.[36]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petition of Lonnie Laurent for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[35]In Laurent's case, the Louisiana courts properly addressed and rejected each of his claims. There also is no evidence or even suggestion of his actual innocence.

[36]I also note that Laurent has already received federal habeas review of his current conviction and sentence in <u>Laurent v. Tanner</u>, Civ. Action No. 10-1175"N"(2), which included inter alia a challenge to his enhanced sentence as excessive. Any further attempts to seek review of his current conviction or sentence could be construed as a prohibited second or successive petition which would require certification from the United States Fifth Circuit pursuant to 28 U.S.C. § 2244(b).

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[37]

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of August, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[37] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.